IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| **DAWN MARIE SHOCKEY** <br> 1305 South 80th Street <br> Kansas City, KS 66111 <br> <br> **LILLIE CHAPMAN** <br> 261 Southern Meadows Dr. <br> Boaz, AL 35957 <br> <br> On Behalf of Themselves and <br> All Others Similarly Situated, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> **HUHTAMAKI, INC.** <br> Registered Agent: <br> National Registered Agents of KS, Inc <br> 2101 SW 21st Street <br> Topeka KS 66604 <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **JURY TRIAL DEMANDED** <br> <br> <br> <br> <br> <br> <br> Case no.: 09-CV-2260-JAR-DJW |

## SECOND AMENDED COMPLAINT
**Collective Action Under the FLSA**

**COME NOW** the Plaintiffs Dawn Shockey and Lillie Chapman on behalf of themselves, and all others similarly situated, by and through counsel, and hereby set forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action against Defendant Huhtamaki, Inc. ("Huhtamaki") for unpaid overtime compensation and related penalties and damages. Defendant operates(ed) eleven plant locations in eleven states that manufacture various types of paper products related to food distribution and storage. Defendant's practice and policy is to willfully

fail and refuse to properly pay overtime compensation due Plaintiffs, and all other similarly situated employees, who work in Defendant's manufacturing facilities. In particular, Defendant requires their non-exempt plant employees to arrive at work early before each shift to perform work, and stay late after each shift to perform work, but fails to compensate these employees for this time. Defendant implements this policy through time clock "rounding." Doing so denies such persons overtime pay and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA).

2. Defendant's practice is in direct violation of the FLSA, and Plaintiffs seek injunctive and declaratory relief; compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

3. Plaintiff Dawn Shockey currently resides at 1305 South 80th Street, Kansas City, Kansas. Plaintiff was employed by the Defendant at their facility located in De Soto, Kansas. This plant formerly operated as Huhtamaki Consumer Packaging, Inc.

4. Plaintiff Lillie Chapman currently resides at 261 Southern Meadows Drive, Boaz, Alabama. Plaintiff was employed by the Defendant at their facility located in Albertville, Alabama. This plant formerly operated as Huhtamaki Company Manufacturing, Inc.

5. Defendant Huhtamaki, Inc. ("Huhtamaki") is a Kansas corporation registered and in good standing to do business in the state of Kansas. Defendant operates a facility at 9201 Packaging Drive, De Soto, KS 66018 and has its principle place of business at this same location.

6. Defendant previously operated eleven facilities under various other corporate names as follows: (i) De Soto, Kansas (d/b/a **Huhtamaki Consumer Packaging, Inc**.); (ii) Fulton, New York (d/b/a **Huhtamaki Consumer Packaging, Inc**.); (iii) Los Angeles, California (d/b/a **Huhtamaki Consumer Packaging, Inc**.); (iv) Albertville, Alabama (d/b/a **Huhtamaki Company Manufacturing, Inc**.); (v) Hammond, Indiana (d/b/a **Huhtamaki Company Manufacturing, Inc**.); (vi) Sacramento, California (d/b/a **Huhtamaki Company Manufacturing, Inc**.); (vii) Waterville, Maine (d/b/a **Huhtamaki Company Manufacturing, Inc**.); (viii) Coleman, Michigan (d/b/a **Huhtamaki Plastics, Inc**.); (ix) New Vienna, Ohio (d/b/a **Huhtamaki Plastics, Inc**.); (x) Phoenix, Arizona (d/b/a **Huhtamaki Plastics, Inc**.); and (xi) Malvern, Pennsylvania (d/b/a **Huhtamaki Flexible, Inc**.).

7. On or about January 1, 2010, the above referenced facilities were all consolidated under the Defendant's corporate identity: Huhtamaki, Inc.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

9. The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business within this District.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the District of Kansas, and the cause of action set forth herein has arisen and occurred in part in the District of Kansas. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the District of Kansas.

11. At all relevant times, Defendant Huhtamaki, Inc. has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendant has employed, and/or continues to employ, "employees," including each of the putative representative action plaintiffs.  At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COUNT I – FLSA CLAIM

12. Plaintiff hereby incorporates by reference paragraphs 1 through 11 of this Second Amended Complaint.

13. Plaintiff Dawn Shockey was employed by the Defendant from on or about September 2008 through March 30, 2009 at the Defendant's De Soto, Kansas facility.  At this time, the facility was operating as Huhtamaki Consumer Packaging, Inc.  At this facility, Plaintiff Shockey was required to perform work both before and after her work shift as an integral and indispensable part of the principle activities of performing her job.

14. Plaintiff Lillie Chapman was employed by the Defendant from on or about June 10, 2002 through January 2, 2009 at the Defendant's Albertville, Alabama facility.  At this time, the facility was operating as Huhtamaki Company Manufacturing, Inc.  At this facility, Plaintiff Chapman was required to perform work both before and after her work shift as an integral and indispensable part of the principle activities of performing her job.

15. Plaintiffs Shockey and Chapman were treated as non-exempt employees by the Defendant under the FSLA.

16. Like the Plaintiff, the Defendant employs other similarly situated non-exempt employees at its eleven facilities located in: De Soto, Kansas; Fulton, New York; Los Angeles,

4

California; Albertville, Alabama; Hammond; Sacramento, California; Waterville, Maine; Coleman, Michigan; New Vienna, Ohio; Phoenix, Arizona; and Malvern, Pennsylvania. These non-exempt employees are required to perform work both before and after their work shifts as an integral and indispensable part of the principle activities of performing their job.

17. All similarly situated facility employees are similarly situated in that they are all subject to Defendant's same policy, plan or procedure that requires these employees to perform work both before and after their shifts as an integral and indispensable part of the principle activities of performing their job without compensation. In turn, this denies similarly situated facility employees their overtime compensation under the FLSA.

18. In order to implement and assist its pay policy, plan, or procedure of failing to compensate the similarly situated facility employees for work performed both before and after their shifts, Defendant maintains a policy at its eleven facilities on its "Ceridian" timekeeping system that rounds away time worked by these employees in Defendant's favor.

19. All such similarly situated employees referenced above are hereby referred to as the "similarly situated facility employees" or the "putative representative action plaintiffs."

20. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

21. Plaintiff brings this Second Amended Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed

      by the Defendant as similarly situated facility employees within three years from the commencement of this action who have not been compensated for at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

22. This Second Amended Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiff because her claims are similar to the claims of the putative representative action plaintiffs.

23. The names and addresses of the putative representative action plaintiffs are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

24. The Defendant failed to compensate Plaintiff and the putative representative action plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

25. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

26. The Plaintiffs, on behalf of themselves and all similarly situated facility employees of Defendant who compose the putative representative action plaintiffs, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week,

plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

27. The Plaintiffs, on behalf of themselves and all similarly situated facility employees of Defendant who compose putative representative action plaintiffs, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed putative representative action plaintiffs, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative representative action plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs Shockey and Chapman as Representative Plaintiffs of the putative representative action plaintiffs and the law offices of Donelon, P.C. and Brown & Associates, L.L.C. as class counsel;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d. An injunction against Defendant, Inc. and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  An award of damages for overtime compensation due for the Plaintiffs and the putative representative action plaintiffs, including liquidated damages, to be paid by Defendant;

f.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g.  Pre-Judgment and Post-Judgment interest, as provided by law; and

h.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

## Designated Place of Trial

COMES NOW the Plaintiffs by and through their counsel of record and hereby designate the place of trial as follows: **Kansas City, Kansas**.

Respectfully submitted,


the law office of **DONELON, P.C.**   www.donelonpc.com

*/s/ Brendan J. Donelon*
Brendan J. Donelon,  KS #17420
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Tel:    (816) 221-7100
Fax:   (816) 472-6805
brendan@donelonpc.com

*/s/ Jason Brown*
Jason Brown, KS.FED. #70700
**Brown & Associates, LLC**
204B U.S. 169 Hwy.
P.O. Box 125
Trimble, MO 64492
Tel: 816-505-4529
Fax: 816-357-2101
kclawyerbrown@yahoo.com

**ATTORNEYS FOR PLAINTIFFS**

## Certificate of Service

      I hereby certify that a true and correct copy of the above and foregoing was sent on <u>January 6, 2010</u> via email address as registered with the Court and under the requirements set forth by the District of Kansas under the policies for ECF Management and standing Orders to:

Sara E. Welch
Patricia A. Konopka
**Stinson Morrison Hecker, LLP**
1201 Walnut, Suite 2900
Kansas City, MO 64106-2150
(816) 842-8600 (telephone)
(816) 691-3495 (facsimile)
swelch@stinson.com
pkonopka@stinson.com

**ATTORNEYS FOR DEFENDANT**