IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAWN MARIE SHOCKEY,
On Behalf of Herself and
All Others Similarly Situated,

        Plaintiffs,

v.

HUHTAMAKI, INC.,

        Defendant.

CIVIL ACTION

Case No. 09-2260-JAR-DJW

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Protective Order (ECF No. 93). Plaintiffs request a protective order under Fed. R. Civ. P. 26(c)(1) regarding the location of the depositions of seven out-of-state opt-in plaintiffs. They ask the Court issue an order requiring Defendant to depose the opt-in plaintiffs where they reside, pay the opt-in plaintiffs' costs to travel to Kansas City for deposition, or conduct the depositions by telephone or videoconference. Defendant opposes the motion, arguing that general rule is that plaintiff-deponents must make themselves available for deposition in the district in which they brought suit, and the financial burdens claimed do not support the requested protective order. Defendant also argues that Plaintiffs fail to show extreme hardship necessary to order that their depositions be taken by telephone. For the reasons set forth below, the motion is granted. The opt-in deponents are not required to travel to Kansas City for their depositions, instead they have shown good cause for their depositions to be held via videoconference.

## I.     Relevant Factual Background Information

Plaintiff Dawn Shockey, on behalf of herself and all others similarly situated, brings this collective action under the Fair Labor Standards Act ("FLSA"),[1] to recover unpaid overtime compensation and related penalties and damages. Defendant is a Kansas corporation and operates plants in eleven states manufacturing various types of paper products related to food distribution and storage. Plaintiffs allege that Defendant violated the FLSA by failing to pay its hourly manufacturing employees for all time worked, including overtime. At the crux of Plaintiffs' claim is a rounding mechanism in Defendant's Ceridian time keeping system. Plaintiffs allege that this system rounded away time from the beginning or end of work shifts. The Court conditionally certified the class under 29 U.S.C. § 216(b) on August 9, 2010 (ECF No. 64). One hundred ten plaintiffs have opted-in to this case.

Prior to the parties' briefing on the motion for conditional certification, the parties conducted a limited number of depositions. Plaintiffs took a Rule 30(b)(6) deposition of Defendant, and Defendant deposed six of the opt-in plaintiffs, including the named plaintiff. These opt-in plaintiffs traveled to Kansas City for their depositions, with the exception of two individuals whose medical conditions prevented travel.

Relevant to the present motion, Defendant seeks to depose seven additional opt-in plaintiffs. Defendant seeks to conduct the depositions in Kansas City, though all the deponents reside out of state in Michigan, New York, Indiana, Arizona, California, and Maine. Plaintiffs ask in their motion for the Court to issue a protective order requiring Defendant to take the depositions of the out-of-state opt-in plaintiffs where they currently reside, pay for the costs of their travel to Kansas City, or

---

[1] 29 U.S.C. §§ 201-219.

conduct the depositions by telephone or video.

## II. Applicable Law Regarding Location of Depositions

Although Federal Rule of Civil Procedure 30 does not dictate where depositions may be taken, it does provide that the notice given by the party who wants the deposition "must state the time and *place* of the deposition."[2] Thus, the examining party may set the place for the deposition of the opposing party, subject to the court's power under Rule 26(c)(2) to enter a protective order designating a different place.[3] With respect to the deposition of a plaintiff, the general rule that has developed is that "a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought."[4] This rule is based on the rationale that the plaintiff has selected the forum and should not be heard to complain about having to appear there for a deposition.[5]

Defendant has noticed seven out-of-state opt-in plaintiffs to appear for their depositions in Kansas City. Plaintiffs seek a protective order under Rule 26(c) due to the burden of travel expenses in relation to their actual damages, coupled with the remedial nature of collective actions under the FLSA. They request that the Court order the depositions to be held where the opt-ins reside, Defendant to pay the opt-in's travel costs, or the depositions be conducted telephonically or via

---

[2]Fed. R. Civ. P. 30(b)(1) (emphasis added).

[3]*Gipson v. Sw. Bell Tel. Co.*, No. 08-2017-KHV-DJW, 2008 WL 4499972, at *4 (D. Kan. Oct. 1, 2008). *See also* Fed. R. Civ. P. 26(c)(1)(B) (the court may, for good cause, issue a protective order "specifying terms, including time and place, for the disclosure or discovery").

[4]*Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2006 WL 1867471, at *3 (D. Kan. June 30, 2006).

[5]*Id.*

videoconference. As they are seeking the protective order, Plaintiffs have the burden to show good cause for its entry.[6] The court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required."[7] The Supreme Court has recognized that "[t]he trial court is in the best position to weigh the fairly competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[8] Along with these principles, this Court is mindful of its duty to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."[9]

## III. Discussion

As Defendant points out, this Court has recognized that the general rule is that plaintiffs must make themselves available for examination in the district in which they brought suit.[10] In *Gipson v. Southwestern Bell Telephone Co.*,[11] and *Clayton v. Velociti, Inc.*,[12] the court has applied this rule in the context of FLSA opt-in plaintiffs, requiring them to travel (and bear their related travel costs) for their deposition to the forum where the lawsuit was filed.

---

[6] *Bryan v. Eichenwald*, 191 F.R.D. 650, 651-52 (D. Kan. 2000).

[7] *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[8] *Seattle Times*, 467 U.S. at 36.

[9] Fed. R. Civ. P. 1.

[10] *Clayton v. Velociti, Inc.*, No. 08-2298-CM/GLR, 2009 WL 1033738, at *2 (D. Kan. Apr. 17, 2009); *Gipson*, 2008 WL 4499972, at *4; *Williams*, 2006 WL 1867471, at *3.

[11] 2008 WL 4499972, at *4.

[12] 2009 WL 1033738, at *2.

Plaintiffs request that the Court revisit the logic rendered in *Gipson* and *Clayton*. They argue that in *Gipson*, the court did not take into account the remedial nature of the FLSA when rendering its decision. Instead, the court found that since "substantial" amounts of pay were being sought, the low travel costs were not an unreasonable hardship. In *Clayton*, the court recognized the "remedial nature of the FLSA" argument, but noted that the plaintiffs failed to provide any information regarding their damages. Plaintiffs argue that the FLSA's collective purpose will continue to erode if opt-ins with relatively minimal claims are required to incur travel costs to appear for depositions. This requirement will cause more of the opt-ins to withdraw because the costs associated with travel are not a viable risk related to the value of their claims.

In support of their argument, Plaintiffs set forth in their motion the estimated overtime pay lost for each opt-in to be deposed, as well as the estimated costs for them to travel to Kansas City for deposition. They argue that the travel costs for these opt-in plaintiffs comprises a substantial percentage of their estimated lost overtime compensation, and in some instances exceed the amount. For example, opt-in plaintiff Kebert's estimated lost overtime is $148, which is exceeded by his estimated $419 in travel costs to Kansas City for his deposition. Opt-in plaintiff Boyd's estimated lost overtime is $1,379, while his estimated costs to travel from New York to Kansas City would be $603, nearly half of his estimated lost overtime. Even the deponent with the highest amount of lost overtime (Gossett $3,917), would incur an estimated $922 to travel for her deposition, amounting to nearly 25% of her damage claim. Given the relatively small individual lost overtime amounts by these opt-in plaintiffs, it makes little sense to require them to incur the cost of traveling to Kansas City for deposition. Fed. R. Civ. P. 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery if it determines that the "burden or expense of the proposed discovery outweighs its

5

likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, . . . and the importance of the discovery is resolving the issues." This balancing of the proportionality requires the Court to consider the value of the out-of-state opt-in plaintiff's estimated lost overtime compensation against the cost of being required to travel to Kansas City for deposition. As the Northern District of California has recently recognized in *Gee v. Suntrust Mortgage, Inc.*, one of the advantages of a plaintiff opting into a collective action is to lower the individual costs to vindicate the rights by the pooling of resources; this advantage is "significantly reduced or even eliminated if the proposed deponents are required to travel hundreds of miles for their depositions."[13]

Although Plaintiffs have not persuaded the Court that Defendant should bear the costs for the opt-in plaintiffs to travel to Kansas City for their depositions and depart from *Gipson* and *Clayton*, Plaintiffs have convinced the Court that their alternative suggestion of requiring the depositions be taken by telephone or videoconference has merit. This seems a fair solution and promotes the goals of reducing the costs of litigation, while allowing Defendant to obtain relevant discovery from these out-of-state opt-in plaintiffs.

Fed. R. Civ. P. 30(b)(4) provides that "[t]he parties may stipulate — or the court may on motion order — that a deposition be taken by telephone or other remote means." Rule 30(b)(4) thus clearly permits the taking of depositions by telephone or "other remote means," which the Court construes to include depositions by videoconference. The Manual for Complex Litigation recognizes that telephonic or videoconferencing depositions can reduce travel costs.[14] It, however,

---

[13]*Gee v. Suntrust Mortgage, Inc.*, No. 10-cv-01509 RS (NC), 2011 WL 5597124, at *2 (N.D. Cal. Nov. 15, 2011).

[14]Manual for Complex Litigation (Fourth) § 11.452 (2004).

6

notes that remote depositions are most often used for relatively brief examinations that do not involve numerous documents.[15] Other courts have permitted out-of-state opt-in plaintiffs to appear for deposition via videoconference.[16]

The Court recognizes that allowing depositions be taken by telephone, particularly depositions of parties, deprives the opposing party of the opportunity to evaluate the deponent's nonverbal responses and demeanor. It also denies the opportunity for face-to-face confrontation of the party being deposed. Telephone depositions may also make it more difficult when the testimony requires the deponent to examine numerous, lengthy, or complex documents. These disadvantages of telephonic depositions, however, do not apply at all, or to the same degree, when the depositions are to be taken via videoconference. Taking the depositions via videoconferencing, as proposed by Plaintiffs here, addresses Defendant's objection that the deponent's nonverbal responses and demeanor cannot be observed. The Northern District of California has recently encouraged the use of depositions via videoconference. In *Gee v. Suntrust Mortgage*, the court noted that "[p]arties routinely conduct depositions via videoconference, and courts encourage the same, because doing

---

[15]*Id.*

[16]*See Gee*, 2011 WL 5597124, at *2 (rejecting the argument that conducting the depositions of FLSA plaintiffs via videoconferencing would be detrimental to the defendant's ability to question and observe deponents, and encouraging the use of conduct videoconference depositions to minimize the deponents' travel costs); *Allen v. Sears Roebuck & Co.*, No. 07-CV-11706, 2010 WL 1417644, at *2-3 (W.D. Mich. Apr. 5, 2010) (in lieu of the defendants paying the reasonable travel expenses for the opt-in plaintiffs' depositions, the defendants could take the depositions by telephone or video conference); *Brasfield v. Source Broadband Servs., LLC*, 255 F.R.D. 447, 450 (W.D. Tenn. 2008) ("The court sees no reason why the relatively simple straightforward issues in this case would require a deposition that could not be conducted by alternative means, such as [by] phone or video conferencing.").

so minimizes travel costs and 'permits the jury to make credibility evaluations not available when a transcript is read by another.'"[17]

Defendant argues that Plaintiffs must make a showing of "extreme hardship" necessary to order that their depositions be taken by telephone as required by *Williams v. Sprint/United Management Co.*[18] The Court finds that Defendant overstates the required showing that Plaintiffs must make in this regard. Under Rule 26(c), Plaintiffs must show good cause for the requested protective order. In *Williams*, the age discrimination case cited by Defendants, the court affirmed the magistrate judge's order denying the plaintiffs' request for a general order requiring that all depositions of out-of-town opt-in plaintiffs occur via telephone.[19] The challenged order instead invited the plaintiffs to file particularized motions for protective orders based the individual circumstances of a given plaintiff.[20]

The Court finds *Williams* to be distinguishable from the facts in this case. In *Williams,* the plaintiffs sought a general order requiring the depositions of all out-of-town plaintiffs to be taken telephonically. This is in contrast to this case, a FLSA action wherein Plaintiffs are seeking a protective order with regard to the depositions of seven specific opt-in plaintiffs, and where Plaintiffs have provided a particularized showing of each opt-in's financial burden of traveling to Kansas City for deposition in comparison to his or her estimated overtime compensation claim. Finally, in *Williams*, the court did not mention whether taking the depositions by videoconference

---

[17] 2011 WL 5597124, at *2.

[18] 2006 WL 1867471, at *3.

[19] *Id.*

[20] *Id.*

8

was requested or available as an option.

With the commonplace usage and advances in videoconferencing capabilities, including the usage of Skype™ and other relatively low-cost, and high quality technology for streaming live video, the Court finds that the purposes of a "just, speedy, and inexpensive determination"[21] of the action are better served by permitting the out-of-state opt-in plaintiffs, who have relatively low claims for lost overtime compensation, to appear for their depositions by videoconference rather than requiring them to travel to Kansas City to appear in person. Taking the depositions via videoconference is the most logical, economical solution in this instance. Accordingly, the parties are directed to arrange to take the depositions of the seven out-of-state opt-in plaintiffs at issue in this motion via videoconference, with Plaintiffs to bear any costs for the videoconferencing.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order (ECF No. 93) is granted. Plaintiffs have shown good cause under Fed. R. Civ. P. 26(c) for the out-of-state opt-in deponents to appear for their depositions by videoconference, rather than traveling to Kansas City for an in-person deposition. Plaintiffs shall bear any costs for the videoconferencing.

**IT IS FURTHER ORDERED** that because Defendant's opposition to the motion was substantially justified, the parties shall bear their own expenses and fees incurred in connection with this motion.

---

[21]Fed. R. Civ. P. 1.

9

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 8th day of March 2012.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge
