# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAWN MARIE SHOCKEY,**  )<br>On Behalf of Herself and  )<br>All Others Similarly Situated,  )<br>                                                  )<br>            **Plaintiff,**          )<br>                                                  )<br>v.                                            )<br>                                                  )<br>**HUHTAMAKI, INC.**           )<br>                                                  )<br>            **Defendant.**        )<br>_____) | Case No. 09-CV-2260-JAR-DJW |

## MEMORANDUM AND ORDER

Dawn Marie Shockey brings this suit against Huhtamaki, Inc. on behalf of herself and others similarly situated, seeking unpaid wages and/or overtime compensation that Plaintiff claimed Huhtamaki failed to pay as a result of time clock rounding procedures that Plaintiff contends violated the Fair Labor Standards Act ("FLSA"). This matter is before the Court on the parties' Joint Motion for Approval of FLSA Class Settlement (Doc. 106) and an Unopposed Motion for Approval of Attorney Fees/Costs under the FLSA (Doc. 107). Plaintiff has supplemented the record on its request for attorneys' fees with billing records and affidavits in support of its requested hours and rates.[1] For the reasons stated below, the Court grants the parties' motion for approval of settlement and grants Plaintiff's motion for attorneys' fees.

## I.    Background

Plaintiff filed this collective action on May 15, 2009 under § 216(b) of the FLSA; the operative Second Amended Complaint was filed on January 6, 2010. On November 1, 2010, the parties participated in mediation, during which they engaged in lengthy negotiations. While they

---

[1] Doc. 109.

were unable to reach a settlement agreement at mediation, they continued to discuss a possible resolution and ultimately reached an agreement after conducting discovery.

On July 23, 2012, the parties asked the Court to approve the settlement agreement. Under the agreement, the collective class members and named Plaintiff are entitled to a pro rata share of $42,506.84, enhancement payments to six of the collective class members, including the named Plaintiff, and attorneys' fees and expenses in the amount of $126,435.50. Under the agreement, Plaintiff has filed an unopposed motion for attorneys' fees in the amount of $92,849.41 in fees and $33,586.09 in expenses.

## II.     Discussion

A settlement of claims under the FLSA must be presented to the Court for review and for a determination of whether the settlement is fair and reasonable.[2] In order to approve the settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness."[3] And the settlement agreement must contain an award of reasonable attorneys' fees.[4] Finally, before the putative class claims can be dismissed, the Court must determine whether the class representative "has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members."[5]

---

[2]*See, e.g.*, *Peterson v. Mortgage Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[3]*Id.* (citations omitted).

[4]*Id.*; *see* 29 U.S.C. § 216(b).

[5]*Peterson*, 2011 WL 3793963, at *4.

### A. Bona Fide Dispute

The named Plaintiff alleges that Defendant's time clock system denied compensation to her and other collective class members by "rounding away" time from their shifts. Defendant denies that its time clock procedures violate any law and denies that its time clock "rounded away" any compensable time. Defendant contends that it properly pays employees for all time actually worked, in compliance with the FLSA and state laws. The parties engaged in discovery, and participated in mediation with a neutral third party (as well as participating in other settlement discussions) involving extensive arms-length negotiations. Based on these representations, the Court finds that the litigation involves a bona fide dispute.

### B. Fair and Reasonable

The Court finds that the settlement proposed by the parties is fair and reasonable. This case involves serious questions of fact and law which make the outcome of continued litigation uncertain. In addition, Defendant denies that the collective class members (who worked at nine different facilities) are similarly situated. Even though time may have been "rounded away" under Defendant's time clock mechanisms, Plaintiff would still have to prove that each class member performed compensable work during those times. This is a difficult proposition, thereby making resolution of this matter fair and reasonable. The proposed settlement will pay each collective class member based on a pro rata share that is slightly in excess of the amount of alleged damages estimated by Plaintiff's expert. Given these financial terms, the Court agrees with the parties that the pro rata formula used by their expert is fair and reasonable.

### C. Enhancement Payments

Six collective class members, including the named Plaintiff, will receive enhancement

payments under the settlement agreement. These payments are provided to the class representative in the amount of $1000 and to each collective class member who provided deposition testimony for the benefit of the collective class members in the amount of $300. The Court finds that these are reasonable enhancement payments.

### D. Attorneys' Fees

Finally, the settlement agreement provides for an award of attorneys' fees and expenses to Plaintiff's counsel Brendan Donelon and Jason Brown. Plaintiff has filed an unopposed motion for attorneys' fees in the amount of $126,435.50, which includes $92,849.41 in fees and $33,586.09 in expenses. This request is in line with the settlement agreement, which provides that Defendant will not oppose this amount of attorneys' fees and expenses. In its motion for attorneys' fees, Plaintiff sets forth the factors in *Johnson v. Georgia Highway Express, Inc.*[6] to show that the request is reasonable. For substantially the same reasons set forth in that motion, which is supported by the billing records and affidavits in support of the rate charged by Plaintiff's counsel in this case,[7] the Court finds that $92,849.41 in fees and $33,586.09 in expenses is reasonable.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties' Joint Motion for Approval of FLSA Class Settlement (Doc. 106) and Plaintiff's Unopposed Motion for Approval of Attorney Fees/Costs under the FLSA (Doc. 107) are **granted**.

**IT IS SO ORDERED**.

Dated: August 17, 2012

---

[6] 488 F.2d 714 (5th Cir. 1974).

[7] Doc. 109.

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE